

FILED
2012 Nov-06  AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **RANDY D BUTLER,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Civil Action Number ) **6:11-cv-3874-AKK** |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff Randy Butler ("Butler") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision—which has become the decision of the Commissioner—is supported by substantial evidence, and, therefore, **AFFIRMS** the decision denying benefits.

### I. Procedural History

Butler applied for Disability Insurance Benefits and Supplemental Security Income Benefits ("SSI") on October 2, 2008, alleging a disability onset date of September 30, 2007.  (R. 79, 82).  Butler asserted disability from hepatitis C,

Case 6:11-cv-03874-AKK   Document 10   Filed 11/06/12   Page 2 of 11

arthritis, degenerative disk disease, possible illiteracy, chronic hoarseness, and an adjustment disorder with depression. (R. 16). On January 13, 2009, the SSA denied Butler's applications, (R. 63), and Butler requested a hearing, which occurred on March 19, 2010, (R. 35). On May 26, 2010, the ALJ denied Butler's claims (R. 11-26), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-4). Butler then filed this action for judicial review pursuant to § 205(g) and § 1631(c)(3) of the Act, 42 U.S.C. § 405(g) and § 1383(c)(3). Doc. 1. *See also* doc. 8.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a

Page 2 of  11

preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2)   whether the claimant has a severe impairment;

>    (3)   whether the impairment meets or equals one listed by the Secretary;
>
>    (4)   whether the claimant is unable to perform his or her past work; and
>
>    (5)   whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony

of the plaintiff and render a finding of disability. *Id*.

## IV. The ALJ's Decision

In properly applying the five step analysis, the ALJ determined initially that Butler has not engaged in substantial gainful activity since September 30, 2007, and therefore met Step One. (R. 16). The ALJ also acknowledged that Butler's severe impairments of "hepatitis C, arthritis, degenerative disc disease, and possible illiteracy" met Step Two. *Id*. The ALJ proceeded to the next step and found that Butler did not satisfy Step Three since his impairments or combination of impairments neither met nor equaled the requirements for any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. Although he answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Butler is unable to perform any past relevant work. After the ALJ answered Step Four positively, he determined that Butler has the residual functional capacity ("RFC") to

> perform unskilled light work as defined in 20 CFR 404.1567(b) and 416.967(b), sitting for 6 hours in an 8 hour day and standing and/or walking for 6 hours in an 8 hour day. He can frequently perform climbing, stooping, kneeling, crouching, and crawling, but should only perform activities which require balancing occasionally. He should avoid work in areas of concentrated extreme cold and heat and avoid work in areas of unprotected heights or work with hazardous, moving, unguarded machinery.

*Id*. at 17. At Step Five the ALJ considered Butler's age, education, work experience, and RFC in determining that "there are jobs that exist in significant numbers in the national economy that [Butler] can perform" and, thus, Butler is

not disabled. *Id*. at 21.  As it relates to the pain standard, the ALJ found that Butler's "medically determinable impairments could reasonably be expected to cause symptoms; however, [Butler's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id*. at 18.

## V.  Analysis

The court turns now to Butler's two contentions of error – (1) that the ALJ failed to properly assign weight to the medical reports and disability report of Butler's treating physician; and (2) that the ALJ failed to pose a hypothetical containing all of Butler's impairments to the vocational expert.  *See* doc. 8.  The court will address each contention in turn.

A.  *Proper Application of Weight to Opinions of Treating Sources*

Butler's first point of contention is based on the ALJ's failure to assign substantial weight to the opinion of Butler's treating physician, Dr. Farouk Raquib.  Butler asserts that "[w]hile opinions of treating physicians are not determinative, they must be given substantial weight" and that "[t]he ALJ's rejection of Dr. Raquib's opinions on the alleged grounds that they are not supported by his own records or by any objective evidence is unwarranted and conclusory."  Doc. 8 at 12.  Butler further asserts that the ALJ erred in considering Butler's work as a landscaper when discrediting Dr. Raquib's opinion, because this work did not rise to the level of "substantial gainful activity." *Id*. at 12-13.

Under 20 C.F.R. § 404.1527(c)(2), a treating physician's opinion is only given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id*. The ALJ gave Dr. Raquib's opinions little weight because they were "inconsistent with the treatment which has been provided by Dr. Raquib and the notations in his records about the claimant's work activities." (R. 19). Importantly, the ALJ noted that "Dr. Raquib opined, on two occasions in May 2008 and July 2009, that [Butler] was not able to hold a full-time employment and not able to work due to his health condition" but Dr. Raquib's treatment notes show that Butler was working as a landscaper in December 2007 and 2008 and that he did not stop working until August 17, 2009. *Id*. Additionally, the ALJ noted that Dr. Raquib's opinions were also inconsistent with other evidence of record showing normal physical exams and a good quality of life. *Id*. at 20.

Based on this court's review of the record, the ALJ did not err in granting the opinions of Dr. Raquib little weight because they were inconsistent with other objective medical evidence and Dr. Raquib's own reports. For example, on May 1, 2008, Dr. Raquib opined that Butler "is deconditioned, and I do not feel he is able to hold full-time employment," but after examining Butler on July 10th Dr. Raquib noted that Butler has a history of chronic hepatitis C but was "asymptomatic at this time" and made no notes regarding pain. (R. 183, 191). Thereafter, Dr. Raquib saw Butler monthly for follow-up visits between March

2009 and March 2010 but each report stated that the physical findings were "unremarkable," that Butler was "doing well on current regimen of analgesics," and that Butler consistently reported his pain at a 7 out of 10 or below – indicating mild to moderate pain. (R. 399, 401, 403, 405, 407, 409, 411, 413, 415, 417, 419, 421, 423). These findings are consistent with the rest of the medical record, including Butler's visit to Northwest Medical Center to have his gallbladder removed just prior to his alleged onset date. The staff there noted that Butler had full range of motion, no muscle weakness, no deformities or limitations, and no pain. *Id*. at 358. Significantly, and contradicting Dr. Raquib's statements about Butler's inability to work, when Drs. John Waldo and Jeffrey Manord examined Butler, both noted no tenderness and that Butler had normal range of motion. *Id*. at 214, 224.

Moreover, despite Butler's assertions to the contrary, the ALJ properly considered information regarding Butler's work as a landscaper when discrediting Dr. Raquib's opinions. The applicable regulations state that "[w]hen we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)(6). Although Butler's work as a landscaper after his alleged disability onset date may not be "substantial gainful activity," it is still a relevant factor when determining Butler's alleged disability. This information is particularly relevant because it directly contradicts Dr. Raquib's statements that Butler is unable to work. After all, Butler not only

found employment, but he maintained a position that required bending, stooping, squatting, lifting, and standing.  Butler's ability to engage in these activities strongly suggests that his lumbar pain is not adequately severe to warrant a finding of disability and, further, it supports the physical RFC findings of Disability Determination Services examiner Nina Marbury from January 7, 2009.  *See id.* at 157, 163.  The court, therefore, finds that the ALJ properly applied weight to the medical evidence submitted by Dr. Raquib.

B.     *Posing Hypotheticals to the Vocational Expert*

Butler argues next that, "[a]lthough the ALJ asked the VE to assume that the claimant was illiterate when he asked her the first hypothetical assuming the functional restrictions and limitations in Dr. Raquib's report, it is not clear that the ALJ's later hypothetical to the VE regarding light work still specified that limitation" and that this is error because "[t]he ALJ was required to pose a hypothetical question to the VE which includes all of the claimant's impairments." Doc. 8 at 14.  While Butler is correct that the hypothetical posed must include all of his impairments, *see McSwain v. Bowen*, 814 F.2d 617, 620 (11th Cir. 1987), the hypothetical the ALJ provided satisfies this requirement.  In the disputed hypothetical, the ALJ asked the vocational expert to "consider [Butler's] age, *education*, past relevant work, and lets's say that the individual would be limited to a range of light work[.]"  (R. 52) (emphasis added).  Moreover, the ALJ previously stated "let's assume an individual of the claimant's age and he's currently 45 and *let's also assume that he's illiterate* and has the work history that

you have so stated here and then I'm going to refer you back to Exhibit 18F." *Id*. at 50-51 (emphasis added).  The ALJ stated next that "[n]ow I have – we have his age, education, past relevant work, and we assume the functional restrictions and limitations in that form 18F." *Id*. at 51.  This makes clear that the ALJ intended the assumption that Butler was illiterate to be his "education," 45 to be his "age," his work history to be that provided, and the information in Exhibit 18F to be his "functional restrictions and limitations" in the following hypotheticals.  Therefore, the ALJ did not err when he asked the vocational expert to consider Butler's "education" because illiteracy was implied in that analysis.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Butler is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  The final decision of the Commissioner is, therefore, **AFFIRMED**.  A separate order in accordance with this memorandum of decision will be entered.

**DONE** the 6th day of November, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE